ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA               :

            - v. -                           :

MAO PING LI,                           :
    a/k/a "Jackie Li," and
FNU LNU,                               :

                  Defendants.   :
- - - - - - - - - - - - - - - - - -x

SEALED INDICTMENT

10 CRIM 853

10 Cr. ___ ( )



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/22/10

COUNT ONE

The Grand Jury charges:

1.  From at least on or about August 27, 2010, up to and including in or about September 2010, in the Southern District of New York and elsewhere, MAO PING LI, a/k/a "Jackie Li," and FNU LNU, the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i).

2.  It was a part and an object of the conspiracy that MAO PING LI, a/k/a "Jackie Li," and FNU LNU, the defendants, and others known and unknown, knowing and in reckless disregard of the fact that various aliens had come to, entered, and remained in the United States in violation of law, would and did, for the purpose of commercial advantage and private financial gain, conceal, harbor, and shield from detection such aliens in any

place, including any building and any means of transportation, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i).

(Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i).)

## COUNT TWO

The Grand Jury further charges:

3. From at least on or about August 27, 2010, up to and including in or about September 2010, in the Southern District of New York and elsewhere, MAO PING LI, a/k/a "Jackie Li," and FNU LNU, the defendants, knowing and in reckless disregard of the fact that various aliens had come to, entered, and remained in the United States in violation of law, would and did conceal, harbor, and shield from detection, and attempt to conceal, harbor, and shield from detection, such aliens in any place, including any building and any means of transportation, and did so for the purpose of commercial advantage and private financial gain, and aided and abetted the same, to wit, MAO PING LI, a/k/a "Jackie Li," and FNU LNU, the defendants, hired and lodged individuals they knew to be illegal aliens and facilitated the same for the purpose of placing said illegal aliens in the employment of private restaurants for commercial advantage and private financial gain.

(Title 8, United States Code, Sections 1324(a)(1)(A)(iii), 1324(a)(1)(B)(i), and Title 18, United States Code, Section 2.)

FORFEITURE ALLEGATION

4.  As a result of committing the alien harboring offenses alleged in Counts One and Two of this Indictment, MAO PING LI, a/k/a "Jackie Li," and FNU LNU, the defendants, shall forfeit to the United States, pursuant to Title 8, United States Code, Section 1324(b) and Title 28, United States Code, Section 2461, any conveyance, including any vessel, vehicle, and aircraft that has been or is being used in the commission of the violations alleged in Counts One and Two of this Indictment, the gross proceeds of such violation, and any property traceable to such conveyance and proceeds, and pursuant to Title 18, United States Code, Section 982, any conveyance, including any vessel, vehicle, or aircraft, used in the commission of the offense, any property, real and personal, that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offenses, and any property, real and personal, that was used to facilitate, or was intended to be used to facilitate, the commission of the offenses, including but not limited to the following:

    i. the entity doing business as Sapporo Sushi and Hibachi Steakhouse, located at 318 Millburn Avenue, Millburn, NJ; and

    ii. the entity doing business as Fuji Restaurant, located at 340 South Avenue, Westfield, NJ; and,

      iii. the real property and appurtenances located at 1151 Central Avenue, Westfield, NJ, with all improvements and attachments thereon.

### Substitute Asset Provision

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has be substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982;
Title 8, United States Code, Section 1324(b);
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

MAO PING LI,
a/k/a "Jackie Li,"
and FNU LNU,

Defendants.

**SEALED**
**INDICTMENT**

10 Cr. ___ ( )

(Title 8, United States Code, Sections
1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(iii),
1324(a)(1)(B)(i), and Title 18, United
States Code, Section 2.)

PREET BHARARA

United States Attorney.

A TRUE BILL

*[signature]*
Foreperson